# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; WESTERN WATERSHEDS PROJECT; GALLATIN WILDLIFE ASSOCIATION; NATIVE ECOSYSTEMS COUNCIL; and the YELLOWSTONE BUFFALO FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE; U.S. SHEEP EXPERIMENT STATION; U.S. DEPARTMENT OF AGRICULTURE; U.S. FOREST SERVICE; and the AGRICULTURAL RESEARCH SERVICE,<br><br>    Defendants. | CASE NO. 4:13-cv-235-BLW<br><br>**JOINT STIPULATION OF SETTLEMENT AND DISMISSAL** |

       This Stipulation is entered into by and between Plaintiffs Cottonwood Environmental Law Center, Western Watersheds Project, Gallatin Wildlife Association, Native Ecosystems Council, and the Yellow Buffalo Foundation and Defendants United States Fish and Wildlife Service ("Service"), United States Sheep Experiment Station ("Station"), United States Department of Agriculture, and the Agricultural Research Service.

WHEREAS, the Endangered Species Act ("ESA" or "Act") requires each federal agency, in consultation with the Service, to "insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence" of species listed under the Act. See 16 U.S.C. §§ 1536(a)(2);

WHEREAS, on November 8, 2011, the Service issued a Biological Opinion on the Station's Grazing and Associated Projects, concluding that the Station's operation would not jeopardize the grizzly bear, a threatened species under the ESA. See 50 C.F.R. §§ 402.02, 402.14;

WHEREAS, Plaintiffs filed their complaint in this matter on May 17, 2013, challenging the Biological Opinion under the Administrative Procedure Act ("APA"). See 5 U.S.C. § 706;

WHEREAS, Plaintiffs amended their complaint on July 30, 2013, adding claims that the United States Department of Agriculture's continued operation of the Station violated the ESA. See 16 U.S.C. § 1540(g);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before June 1, 2014, the Service will issue a new Biological Opinion on the Station's Grazing and Associated Projects.

2. Prior to July 1, 2014, neither the Station nor any subdivision of the Department of Agriculture will permit sheep to graze on the Station's Summer East, Summer West, or Meyers Creek Pastures.

3. Either party may seek to modify the deadline for the action specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 4 below.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve any dispute before seeking relief from the Court. In the event that the Federal Defendants fail to meet the deadline specified in Paragraph 1, above, and the Federal Defendants have not sought to modify that deadline, or if Plaintiffs seek other relief from the court, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time for interagency consultation in any other proceeding regarding implementation of the ESA.

6. Plaintiffs are entitled to reasonable costs and attorney fees. Within 10 days of the approval of this Settlement Agreement by the Court, Plaintiffs will submit their bill for reasonable costs and attorney fees and any necessary supporting materials to counsel for Defendants. The parties agree to work together in good faith to resolve any disputes concerning Plaintiffs' submitted costs and fees. The parties stipulate and agree that further proceedings concerning an application by Plaintiffs for attorney's fees, including the filing of memoranda and other materials supporting that application, should be deferred until such time as the parties agree to a schedule for briefing and resolving the fee application or the Court, at the request of one of the parties, sets such a schedule if the parties cannot agree on one. Defendants do not waive any right to contest the amount of fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate.

7. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

8. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

*Cottonwood Environmental Law Ctr. v. FWS*, Civ. No. 13-235  4
JOINT STIPULATION OF SETTLEMENT AND DISMISSAL

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

13. Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Approved.



DATED: February 1, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court